IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-00436-RM

In re KANAL VAN GASTON,

    Debtor.

KANAL VAN GASTON,

    Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION, and
GREAT LAKES HIGHER EDUCATION CORPORATION,

    Defendants.

**ORDER**

This bankruptcy case is before the Court on the Motion to Dismiss Appeal (ECF No. 10) filed by Defendant U.S. Department of Education ("DOE"). Plaintiff has responded to the motion[1] (ECF No. 16), and DOE has filed a reply (ECF No. 18). Construing Plaintiff's Notice of Appeal (ECF No. 1) as a motion for leave to appeal, the Court grants DOE's motion, denies leave to appeal, and dismisses this appeal. The Court also denies Plaintiff's application and motion to proceed in district court without prepaying fees or costs. (ECF Nos. 8, 14.)

---

[1] Plaintiff proceeds pro se; thus, the Court must liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.     LEGAL STANDARD

The Court may exercise jurisdiction over an interlocutory order of a bankruptcy court only if leave to appeal is granted.  *In re Sorrells*, 218 B.R. 580, 582 (B.A.P. 10th Cir. 1998). Such leave "should be granted with discrimination and reserved for cases of exceptional circumstances.  Appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation."  *Id.* (citation omitted).

## II.    BACKGROUND

Citing years of substantial financial hardship and homelessness, Plaintiff filed an action in bankruptcy court seeking to discharge his student-loan debt of approximately $224,000.  The notice of appeal identifies three issues arising from the proceedings before the bankruptcy court: (1) the dismissal of Defendant Great Lakes Higher Education Corporation as a party, (2) the setting of certain discovery deadlines, and (3) the denial of Plaintiff's motion for judgment on the pleadings or summary judgment.

## III.   DISCUSSION

The interlocutory orders appealed here do not involve controlling questions of law as to which there is substantial ground for difference of opinion.  Nor would the immediate resolution of these orders materially advance the ultimate termination of this litigation.  With respect to the first issue identified above, Plaintiff has not shown that the bankruptcy court erred by dismissing Defendant Great Lakes Higher Education Corporation, much less that the dismissal involves any controlling question of law.  As to the second issue, Plaintiff seems to argue that no further discovery is necessary because he has provided the court with sufficient documentation to

support his case. But that is not how litigation works. Plaintiff has not shown any exceptional circumstances overriding DOE's right to conduct discovery. And as to the third issue, the denial of Plaintiff's motion clearly depends on factual issues that are not properly before the Court. Therefore, the Court concludes that leave to appeal is not appropriate in this case.

Moreover, because Plaintiff has not offered any nonfrivolous arguments in support of his appeal, the Court further concludes he is not entitled to proceed without prepayment of costs or fees. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

**IV.   CONCLUSION**

Accordingly, the Court GRANTS DOE's Motion to Dismiss Appeal (ECF No. 10) and DENIES leave to appeal (ECF No. 1). Plaintiff's application and motion to proceed without prepayment of costs or fees (ECF Nos. 8, 14) are DENIED as well, and the Clerk is directed to CLOSE this case.

DATED this 7th day of December, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge